IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRIS ESTHER TAFFANELLI-FIGUEROA<br>IVAN F. FUSTER-TAFFANELLI<br>and IRIS JANICE FUSTER-TAFFANELLI<br>Plaintiffs<br><br>vs<br><br>VICTOR R. FAJARDO-VELEZ<br>CESAR REY<br>DEPARTMENT OF EDUCATION OF<br>PUERTO RICO<br>ELIZABETH MARTINEZ<br>LILLIAN NAZARIO<br>LUCY OCASIO<br>JOSELIN TORRES<br>JOSE LUIS CACERES<br>CARMEN DE LEON<br>MINERVA RIVERA-MEDINA<br>LUZ RODRIGUEZ<br>AIDA M. ESTEVES- DE- TRAVAL<br>ESTER RIVERA<br>UNION DE PERSONAL PROFESIONAL<br>ADMINISTRATIVO, SECRETARIAL Y DE<br>OFICINA (PASO)<br>GLADYS ERAZO<br>FELICITA REYES<br>MABEL RIOS<br>CARMEN NIEVES<br>URSULA TORRES<br>RUTH CARDONA<br>DR. ERNESTO VIRELLA<br>JOCELYN CARRASQUILLO<br>Defendants | CIVIL 03-1626CCC |

## OPINION AND ORDER

The action before us raises issues involving the violation of: civil rights under 42 U.S.C. §§1981-1983 and Title VII, 42 U.S.C. §2000e-1; the Whistleblower Protection Act (WPA), 5 U.S.C. §1211 et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.; and supplemental claims under Puerto Rico law.[1]  It is based on allegations of

---

[1]Although defendants address the issue of an Age Discrimination in Employment Act claim, no claim under said law was included in the amended complaint.

CIVIL 03-1626CCC                                           2

actions said to have been taken against Taffanelli in all of the positions she has held with the Puerto Rico Department of Education.[2] Plaintiff's amended complaint (docket entry 24) is a narration of acts of purported discrimination and persecution alleged to have begun on February 4, 1998, when she started working as an Office Typist I at the Baldorioty de Castro Elementary School in Guaynabo. On May 31, 2001 Taffanelli was reassigned to the Los Alamos School in Guaynabo, where, she allegedly confronted the same conduct. In September, 2002 she was again transferred, at her request, to the Carnegie Library, where once again, she claims to have been subjected to similar treatment.

At this juncture we must review the history of this action, as it will come into play in our analysis below. Plaintiff originally filed an administrative charge of discrimination in November,1999. Taffanelli filed her first lawsuit on October 6, 2001 (Cv. 01-2192). She requested a voluntary dismissal of that suit, which was granted. The Judgment dismissing the action, without prejudice, was entered on November 27, 2002.

Plaintiff filed this second lawsuit on June 4, 2003. The amended complaint that governs the case was filed on March 11, 2004 (docket entry 24) and sets forth federal claims under the Civil Rights Act, the ADA and the WPA. The Court dismissed this action on March 9, 2006 for failing to timely appear through a new attorney or on her own behalf (docket entry 74). The Court of Appeals, however, interpreted plaintiff's request for an extension of time to hire a new attorney as an appearance on her own behalf, reversed the judgment and remanded the case for further proceedings.

After remand, the court held a status conference on June 5, 2007. [See, Minutes (docket entry 88) It was determined that the parties would meet to discuss the threshold issue of exhaustion of administrative remedies in relation to the ADA and Title VII claim.] As discussed at the meeting, the record reflected only one EEOC charge having been filed,

---

[2]Her son, co-defendant Iván Fuster Taffanelli is before us as a pendant party alleging a claim under 31 L.P.R.A. §5141.

CIVIL 03-1626CCC                                3

on November 1, 1999, the same charge to which plaintiff referred to in the 2001 lawsuit. Inasmuch as there is a 90 day statute of limitations for filling a judicial complaint after the right to sue letter, see, 42 U.S.C. §2000e-5(P)(1), and this period is not extended for filing a second lawsuit after that ninety-day period when a timely filed complaint is voluntarily dismissed,[3] the claims subject to the ninety-day statute of limitations would no longer be viable if not filed within the original 90 days counted from the issuance of the right to sue letter.

Taffanelli's allegations of discrimination span a period over of four years and three different employments:  1) February  4, 1998 to July, 2001 (approximately)–Ramón Baldorioty de Castro Elementary School, 2) August, 2001 to August, 2002–Los Alamos Elementary School, and, 3) August 29, 2003 until at least the date of the amended complaint, in this case, the Carnegie Library. Specific factual allegations of actions that she claims to be discriminatory include, among others:

At Ramón Baldorioty de Castro Elementary School, for the period spanning from February, 1998 to July, 2001:

1) She was not allowed to contact the director directly.  She had to go through the Director's secretary or the teachers' supervisor or another staff member.

2) Her typewriter was vandalized and left in an unusable condition for a year.

3) Framed paintings she purchased to adorn the office were crossed out with magic marker.

4) She was forced to use up all of her accumulated vacation time because she was leaving the Baldorioty de Castro school in June 1999.

---

[3]See, e.g., Weldon v. Electronic Data Systems Corporation, 138 Fed. Appx. 136, 138 (11th Cir. 2005), Soto Liang Lo v. Pan American World Airways, Inc., 787 F.2d 827, 828 (2nd Cir. 1986); Miranda v. Costco Wholesale Corporation, 1996 WL 571185 1, 2 (D.Or.); Reape v. New York Daily News, 1996 WL 118552 1, 2 (E.D.N.Y.),

CIVIL 03-1626CCC                                  4

    5) Defendant Elizabeth Martínez refused to allow her to organize a fund raising activity for the repair of her damaged typewriter.

    6) A short, white-haired, stocky woman with long braided hair, not related to the school tried to lock plaintiff and colleagues out of the school grounds. After getting her car out of the area, the same woman followed her for about fifteen minutes in a gray Toyota.

    7) Some of the defendants allegedly totally dismantled her office and took her desk and personal belongs to a dark place, with little ventilation, hot, claustrophobic and isolated, where she would not have contact with the public, parents, students, and teachers.

    <u>At Los Alamos Elementary School</u> for the period of August, 2001 to August, 2002:

    8) After transferring to Los Alamos, defendant Elizabeth Martínez showed up and shouted at her in a sarcastic, cynical, loud and aggressive tone.

    9) The Los Alamos school director refused to conduct an internal investigation to identify the person who had taken some personal belongings and her keys to the files from her office.

    10) The School Director refused to assign work and responsibilities to plaintiff because allegedly she was under the ADA protection, making plaintiff feel like a vegetable and consequently feeling humiliated.

    11) In February, 2002 plaintiff organized a small activity for "Friendship Day" for which she brought a cake. However, very few teachers and other personnel attended, showing a lack of interest by these persons in seeking or promoting positive interpersonal relationships among colleagues at the workplace.

    12) Taffanelli reported to the school director and identified teachers who were improperly and fraudulently signing in and out on their time cards. However, he never interviewed them.

CIVIL 03-1626CCC                              5

     13) When plaintiff reported to the school director that only one cafeteria employee was signing in for all of them, he instructed her to mark each card, something which did not fall within the scope of her job duties and responsibilities.

     14) The school director ordered Taffanelli to work on Secretary's Day, when teachers and other personnel were given the day off.

     <u>At the Carnegie Library</u> for the period starting August 29, 2003 until the filing of the amended complaint in this case on March 11, 2004:

     15) After transferring to the Carnegie Library in August, 2002, the new director, defendant Ricky Espinosa, offered to provide plaintiff's office with an air conditioner, computer, a fax machine, new desks and phones, but never did so.

     16) Even though she had successfully organized a series of activities, plaintiff was brushed aside and ignored by Evelyn Torres and Wanda Cortés in planning the Hostos-Bosch Celebrations and was only allowed to help in organizing the gala dinner for the events.

     17) Although Espinosa stated in January, 2003, that he would assign to plaintiff the task of creating a Cultural Affairs Office at the library, he assigned two other employees as resources to that office and hired a new office director without previously consulting with her. In late June, 2003 the Cultural Office meeting day was changed from Wednesday to Thursdays, the particular day on which plaintiff could not stay for the meetings.

     This action is now before us on two motions to dismiss. The Motion to Dismiss or in the Alternative Motion Requesting Sanctions (**docket entry 96**) was filed on August 27, 2007 by defendants César Rey, Department of Education, Elizabeth Martínez, Lillian Nazario, Lucy Ocasio, Jocelyn Torres, José Luis Cáceres, Carmen de León, Minerva Rivera, Luz Rodríguez, Aida Esteves de Traval, Ester Rivera, Glady Erazo, Felícita Reyes, Mabel

CIVIL 03-1626CCC                             6

Ríos,[4] Carmen Nieves, Ursula Torres, Ruth Cardona, Ernesto Virilla, Jocelyn Carrasquillo, Ricky Espinosa, Héctor Rincón, Evelyn Torres (government defendants).  The Motion to Dismiss for Lack of Jurisdiction (**docket entry 98**), was filed on August 29, 2007 by defendant Union of Professional, Administrative, Secretarial and Office Personnel (Union) and joined by the other defendants (**docket entry 102**).  Plaintiffs opposed the Union's motion on September 27, 2007 (**docket entry 106**).

      Both Title VII and the ADA require not only exhaustion of administrative remedies before the EEOC but also the filing of a judicial complaint within the ninety-day term after receipt of the right-to-sue letter.  It is defendant's theory that, at the time Taffanelli filed her complaint in this 2003 case, she had not filed another EEOC charge and did not have a corresponding right-to-sue letter that would support the timeliness of the filing of this lawsuit. The period to file the lawsuit based on the November, 1999 administrative charge, which she invokes as the basis for this suit, expired in 2001.  The complaint in this case, filed June 4, 2003, was not filed during the ninety-day period authorized by the right-to-sue-letter and is thereby barred.

      By way of a two-page opposition to the Union's dismissal motion, Taffanelli argues two procedural points:  (1) that the defendants had until October 24, 2004,as set in the Case Management Order, to file their dispositive motions, and, having failed to do so, the defenses raised in the their motion were waived, and (2), quoting from Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), that said defense does not proceed because the administrative procedure is not a jurisdictional prerequisite and defendant did not raise, as a defense in the answer to the amended complaint, her failure to file the EEOC charge and receive a right-to-sue letter.

---

      [4]Mabel Ríos was dismissed as a defendant on November 11, 2004.  (See, docket entry 51.)

CIVIL 03-1626CCC                               7

With regard to the contention that the motions to dismiss were untimely filed, the Court notes that the situation here is not that of an ordinary and timely completion of discovery. On September 24, 2004, the government defendants requested a stay of proceedings (docket entry 47). In their motion they explained that plaintiff's attorney had sent them a copy of a letter from one of plaintiff's treating physicians stating that she could not be subjected to a deposition or court hearings for at least two months, due to her medical condition. The Court granted the stay to avoid prejudice to defendants due to her unavailability to be deposed within the terms set by the court-ordered schedule. The Court vacated the stay on April 1, 2005, and set a new case management schedule (docket entry 63), thereby superseding the date to which plaintiff refers.

On December 15, 2005, eight months after the stay was vacated (docket entry 63), plaintiff's attorney filed a motion to withdraw his representation (docket entry 66), which was granted on February 17, 2006 (docket entry 71). When plaintiff failed to appear through a new attorney or ready to represent herself in the further litigation of this case, as ordered by the Court, this action was dismissed on March 9, 2006 (docket entry 74).

Taffanelli appealed the dismissal, and the Court of Appeals reversed and remanded the case for continued proceedings more than a year later, on April 10, 2007 (docket entry 81).

Given the travel of this case: the stay of discovery, the dismissal, the appeal therefrom, and the reinstatement of the case by the Circuit Court more than a year after entry of the judgment dismissing the case, plaintiff's opposition to defendants' dismissal motions, which invokes a superseded deadline set in a scheduling order more than three years earlier (docket entry 36) as a basis for a waiver of the defense, is no more than a weak attempt to avoid addressing the issues raised in the motion on their merits.

CIVIL 03-1626CCC						8

Taffanelli's second argument is set forth at page two of her opposition:

> Furthermore, [none] of the above captioned defendants made a specific reservation and/or defense in their Answer to the Amended Complaint (dkt.#24), that the plaintiff had failed to file a timely discrimination charge nor did she obtain a Notice of Right to Sue letter before filing her complaint.

However, Taffanelli did in fact file a charge with the Anti Discrimination Unit (ADU) in November, 1999 and she includes that charge as fulfilling the requisite for her complaint.[5] Therefore, there would be no reason to raise failure to file a charge as a defense. As an affirmative defense in the answers to both the complaint and the amended complaint, the defendants state that the claims alleged in the complaint are partially and/or totally barred by the applicable statute of limitations.

As we noted at the beginning of this discussion, the Title VII and ADA claims would no longer be viable if the second lawsuit was not filed within the original ninety-day period, counted from the issuance of the right-to-sue letter. Because she has identified in this action, the same November 1, 1999 EEOC charge as the "Preceding Conditions to the Facts of this Case," that she used for her prior 2001 case, the issue is not whether she completed the administrative prerequisites; rather, as raised by defendants in their answers (docket entries 25 and 34), the issue is whether the filing of this judicial action is time-barred. That is, whether it was filed after the ninety-day period, post right-to-sue letter, expired. Although Taffanelli has not provided the right-to-sue letter, it is reasonable to infer that when she filed the first lawsuit in 2001, she had already received it. We do know that this 2003 lawsuit was

---

[5] "Preceding Conditions to Facts of the Case":

> 8. "On November 1, 1999 plaintiff Iris Esther Taffanelli Figueroa filed charges of discrimination against the defendants herein with the EEOC, represented by the Anti Discrimination Unit of the Puerto Rico Labor Department ("UAD-DTPR")."

CIVIL 03-1626CCC                                               9

filed approximately twenty-one months after her first lawsuit was filed in 2001. This clearly places the Title VII and ADA claims in this civil action outside the ninety-day period.[6]

    For the above-stated reasons, the Court finds that Title VII and ADA claims are time barred. Defendants' Motions to Dismiss (**docket entries 96 and 98**) are GRANTED and the Title VII and ADA claims are DISMISSED.

    SO ORDERED.

    At San Juan, Puerto Rico, on August 18, 2008.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge

---

[6] The government defendants mention that plaintiff provided them with copies of another charge filed with the EEOC on February 8, 2005 and a right-to-sue letter issued less than a week later, that were included as exhibits to their motion. However, this charge, submitted to the agency two years after this lawsuit was filed, is irrelevant to this case and plaintiff never raised it as such.